**U.S. DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**RECEIVED**

**FEB 2 8 2018**

TONY R. MOORE, CLERK
BY: _____ ᴍᵖ _____
DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **BRYAN JACOBS** | **CIVIL ACTION 1:16-CV-01752** |
| **VERSUS** | |
| | **JUDGE DEE D. DRELL** |
| **ARCH INSURANCE CO., ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

## RULING AND ORDER

Before the court is a motion for partial summary judgment (Doc. 29) filed by Plaintiff Bryan Jacobs. Defendants, Trans Papa Logistics, Inc., Jeffrey Jones, and Arch Insurance Company, filed an opposition (Doc. 31) in response.

This lawsuit arises out of a motor vehicle accident involving a tractor-trailer operated by Jeffrey Jones and a pickup truck operated by Bryant Jacobs. Jones and Jacobs were stopped side by side on Metro Drive and attempting to each make a right hand turn from Metro Drive onto Jackson Street Extension. Jones's tractor tractor-trailer occupied the middle "lane" of Metro Drive, which is designated as a non-travel lane, while Jacobs' pickup occupied the right lane of travel.

Jones began to pull the tractor-trailer onto Jackson Street Extension and Jacobs signaled his horn, but the accident was not avoided. The right side of the trailer struck the left, front of Jacobs' pickup truck.

Jacobs moves this court to enter a partial summary judgment finding that Jones was 100% at fault for the accident. A court "shall grant summary judgment if the movant shows that there is

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011) (internal citations omitted). It is important to note that the standard for summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

Having reviewed the motion, opposition, and reply as well as all exhibits attached thereto, we find that there is a genuine issue of material fact as to Plaintiff's conduct and the role, if any, it played in the accident. Among the disputed facts are whether Jacobs paid attention to whether signal lights were illuminated on the truck and what role, if any that plays in contributory negligence. These and other questions remain in genuine dispute and the court; thus, although it appears the much greater degree of fault lies with the defendant, we cannot, at this point on summary judgment, deem Jones 100% liable for the resulting accident. As such, it is hereby

**ORDERED** that Plaintiff's motion for partial summary judgment (Doc. 29) is hereby **DENIED**.

**SIGNED** this 28th day of February, 2018, at Alexandria, Louisiana

JUDGE DEE D. DRELL
UNITED STATES DISTRICT COURT